All right, the court is prepared to hear an argument in the case of OpenRisk v. MicroStrategy. Please be seated. Good morning, Your Honors. May it please the court, I'm Francis Gleason and I represent the appellant OpenRisk. This is a case stating claims under Virginia law against MicroStrategy. OpenRisk is seeking reinstatement of a total of seven claims. Five of these claims are predicate act claims, the two conspiracy counts. The other two claims being statutory business conspiracy and common law conspiracy. Four of these predicate act claims are actually four separate counts under the Virginia Computer Crimes Act, the BCCA for short. These are for embezzlement, for larceny, for deletion, and for alteration of OpenRisk's computer data. The fifth predicate act claim, which was count two in the complaint, is for tortious interference with OpenRisk's business contracts, namely its operations agreement and its service agreements with its former employees. I want to discuss all of these claims, starting with the predicate act, and then move on to the conspiracy claims, where I'll discuss some of the evidence. The four BCCA claims begin with embezzlement and larceny. The dismissal of these claims is a matter of first impression in this court and in Virginia. The lower court either did not do the extra elements test or didn't get it right when it did it, that being the test set forth by this court in Trandis and Russacevsky in 1993. The court had rejected the copyright preemption argument at the motion to dismiss stage, but then at the summary judgment stage held that the claims were preempted. The judge ruled from the bench. There were no written opinions given on the- What is the extra element in the larceny? In the larceny, Your Honor, it is the two things, Your Honor, that come from, that resonate with Trandis, an improper obtaining of the property. The Trandis case in specific, Your Honor, said that it, and this is quoted, Your Honor, this is from Trandis, it's the employment of improper means to procure the trade secret, and it was a trade secret misappropriation case, rather than the mere copying or use, which is the basis of liability. The lower court had a case in the past, in 2014, the Maxian case, and in that case, which was a written opinion in detail, it went through the extra elements test for a very closely related BCCA claim, the same- Let's see if we can make an appreciation. We've got embezzlement and larceny. Embezzlement does have an extra element, it looks like it, at least from my perspective, of trust. But larceny doesn't have that. So talk to me in terms of should we look at embezzlement as having an extra element, and then how does larceny have an extra element, since it looks like, to me, it's occurring in both copyright and this. Well, Your Honor, I think it's right. We put forth in our papers the numerous Virginia Supreme Court cases that do state that entrustment is an element of embezzlement. Now, with regard to the larceny, Your Honor- Work on that. Work on entrustment first. You want me to treat entrustment first, Your Honor? Well, let me know. I don't think we put them together. I think we've got to look at them separately, at least because larceny and embezzlement does have that element in it that's not present in larceny. And the question is, is it present in the copyright act? It should be granted. Right, Your Honor. And we do set forth in our papers that as an extra element in larceny is the taking away while the property is in the possession of the owner. The copyright act does not protect the right from trespassory taking, the right to be free of that. Are we on larceny again? We're on larceny, Your Honor. I thought we were going to do embezzlement first and entrustment. Can we talk about- Okay, yes. That's the extra element in embezzlement, entrustment. That's what you're relying on is- Yes, Your Honor. Okay, so my question is there has to be an extra element, and it has to be in addition to that an element that changes sort of the qualitative nature, the core of what's going on here. And I guess I'm not seeing how it does that. Like at the end of the day, isn't this a case about how they copy the stuff and put it somewhere else? No, Your Honor. The entrustment is qualitatively different because there's no entrustment in copying the material. This is a relationship. It doesn't require, right, under Virginia, there doesn't have to be a fiduciary relationship, right? It's enough that you sign that rental car agreement? Well, Your Honor, there is in that case, and you're referring, Your Honor, I believe, to the Stiegel case, which the other side brings up, but that case itself had entrustment stated so in the facts. It didn't- But all you meant was you promised to bring the car back. That's my point, that when they say entrustment, they mean you made a promise. That's correct, Your Honor. So is it your view that if somebody promises not to illegally copy information and then they do it, you can bring an embezzlement action that is not preempted by the Copyright Act because they promised they wouldn't copy? Well, they also- That's like everything, right? Everything comes with that shrink wrap, and you're always promising not to copy stuff. And you think, I don't know the technology enough, but if I take the shrink wrap off my CD and then I copy it, you think that an action against me could be brought under state law and it would not be preempted by the Copyright Act because I promised when I opened the shrink wrap not to copy. Well, Your Honor, I think it's more than just promising not to copy. That would be promising not to, for instance, violate the Copyright Act. But the fact that you have the property as a custodian, which was the case here, was a relationship which not only prevented them from doing that, but it was an additional promise that allowed them to possess it in the first place. And that was the means by which they procured it. They didn't buy it off the shelf. They were given it as a custodian, and they had to maintain it as a custodian. Aren't you equating the concept of entrustment with the duty of trust or confidentiality? Aren't you equating the two? And if you are, you should lose because embezzlement is the former, not the latter. Your Honor, the embezzlement, Your Honor, is a matter of the rises out of the contract that MicroStrategy had with OpenREST. And in that situation, they were the cloud host, the material. They had a duty. I'm not sure I understand your question, Judge Floyd. They had a duty of confidentiality, sure, in the contract. But they also had a duty as a custodian to hold that in this cloud space that belonged to OpenREST. It was their space like a storage locker. Whether theft, crimes, embezzlement presupposes that the appropriated property was already lawfully in the defendant's possession as of the time of appropriation is therefore distinguishable from a misappropriation of trade secrets claims. It does involve a breach of duty of trust and confidentiality. That's the point I'm trying to make. Well, Your Honor, I believe there's also a breach of duty and confidentiality going on. That's for sure, but embezzlement is when the party has the property, has procured it as a matter of being designated or agreed to be a custodian. And they've got to give that property back at the end of the day. And it's not a permanent bestowal of the property on MicroStrategy in this case. They had to give it back. Can I ask a question this way? We've distinguished in our case law between extra elements that change the scope of an action so that maybe it wouldn't apply if the information hadn't come to you with a promise. Right. And that is not inconsistent with copyright preemption. But then there are extra elements that actually change the core or the nature of the bad act in question. And that would maybe be inconsistent with copyright preemption. Right. And I guess just as a matter of common sense, I'm having trouble seeing how this is about the nature of the core or the core of the action rather than the scope of the statute. I get that some people just might not be covered because of this entrustment requirement. But at the end of the day, right, the core or the gravamen of your complaint is that they took this data and software from your environment without authorization and they copied it into another one. And that does seem like that's just on all fours with the Copyright Act. Do you see what I'm saying? Well, Your Honor, I think it's more than the Copyright Act because you've got a private contract between parties. And that sets up the special relationship with the parties. The thing you did, at least under Virginia law, as I understand Virginia embezzlement law, the part where you copied it, the nature of that act doesn't have to be a breach of a fiduciary duty. It's enough that you were originally entrusted with the material. But the actual act you do doesn't have to be, am I right about that, a breach of a fiduciary duty? Well, Your Honor, I believe in 2009 the VCCA, it was modified so that the actual commission of embezzlement and larceny and false pretenses was added. So that actual commission element is going on too. The scope discussion about copyright preemption has to do with the points and the decisions about intention and awareness. Those are examples of things that affect scope rather than nature. But I don't think it's an exhaustive list. Well, Your Honor, I would respectfully disagree, Your Honor, because I've seen nothing in the cases that say that. I have only seen that it goes to mens rea as not an expansion of the scope. And in 2009... Any other element? Like if there was an interstate commerce jurisdictional hook, you think that would be enough to change the nature of the act so that the Copyright Act no longer preempts? Well, Your Honor, I mean, this really gets down to the nitty gritty, Your Honor. And this is where the decision is made. In the application in Maxian by Judge Tranga, he discussed Trandis and he said that he quoted from it. And he quoted from the language, it's the employment of improper means to procure the trade secret rather than the mere copy and use, which is the base of liability. Then he said, false pretenses. That has an improper means of procurement. And I'm going to rest my decision that that's preempted based upon that. So light to light, he's taking the guidance from this court in Trandis, Your Honor. And I'm saying that Judge Tranga should have done that for us with regard to embezzlement and larceny. He should have said, it's the employment of improper means in embezzlement to procure the property, likewise in larceny, and that those should be preempted just as false pretenses was. I don't think false pretenses is distinguishable from employment, rather from embezzlement and larceny for purposes of copyright preemption analysis. Regarding the breach of the duty of trust, does our decision in Trandis Corporation have any application here? Your Honor, yes, I'm saying that with regard to the – Tell me about that case. Well, Your Honor, it was a trade secret case, and they found that the material was improperly taken. So, I mean, this is the gravamen of it for going forward, Your Honor, to this case. What I'm trying to get you to at least reach to, because I want the other side to discuss it, is the case actually holds that a breach of duty of trust and confidentiality compromised the core actions for trade secret appropriations. Therefore, it says it supplies an extra element that's qualitatively different than that, therefore preempted, not preempted. So – Well, Your Honor, I mean – I'm trying to get something clear in terms of the discussion of the case, because you've got this legal case on the other side that deals with the Virginia statute, but we're dealing specifically with this particular element here. Well, Your Honor, I believe that the case – what's coming to mind is Judge Tranga's Maxian decision. He put it in another way. He said, is this nature changing? Is this element nature changing? And I think it changes the nature of things when there is a custodian, cloud-hosting material, rather than a librarian with books free to the public to come and get it. Embezzlement occurred because they had an obligation as a custodian to maintain and protect this property from others. They gave it away to a known competitor. And that's qualitatively different than going up to the library shelf as a public citizen and saying, I'm going to copy this. That's why it's completely different. That's why I say in the papers that microstrategy would strip the embezzlement nature of the offense and rip it down to just copying. And it's more than that. I totally understand what you're saying, but can you just go back to my shrink-wrap example? Because that seems to me to be – I am worried about how to distinguish that. If you think – because that's not like the person going into the library and taking something. You get something. You agree by opening it that you're sort of holding it in trust. You're not going to copy it. And then you go ahead and copy it. So I don't understand how on your theory of what makes something nature changing, that that wouldn't also be subject to a suit for embezzlement. Well, you're not prevented in that situation, Your Honor, from giving that shrink-wrap thing to somebody else. You could sell it to somebody else. Or you're not the custodian. Well, I am for purposes of not copying it. For purposes of not copying it, yes, Your Honor. But you don't ever have to give it back. In this case, they had to give it back to Open Risk. And when they didn't, they embezzled it. When they gave it to somebody else, they embezzled it. Or they facilitated larceny of it by the co-conspirator. Your Honor, as far as alteration goes, the court never said a word about alteration. And that's a separate – deletion and alteration are two separate concepts. That's where our argument begins and ends. And the court never said anything about alteration at all. As long as we're talking about deletion and alteration, can you explain to me why? It seems like you guys have a contract dispute about whether there was adequate notice before the information was deleted or altered, right? That's correct, Your Honor. They never had a right under the contract to delete. So you're suggesting your view is that this criminal trespass action applies to any breach of contract between people who have contracts related to data? That just seems crazy that Virginia would be intending to criminalize a breach of contract in a case like this. I think they were criminalizing deletion, Your Honor. But your argument is that the reason the deletion was wrongful was because it was contrary to contract terms. And is there any indication that Virginia meant to criminalize the failure to adhere to the terms of a contract? Your Honor, my time is up. If I may continue to answer the question. The deletion occurred – it violated the VCCA at the same time that it violated the contract. But the only thing that made it wrongful that I can find in your briefer argument  was also contrary to the VCCA, Your Honor. And we're saying that the contract didn't excuse it. A contract could if the parties agreed to it. Your understanding is that there's a background norm that no one can ever delete anything off a computer. If you do, you're – That's what the VCCA says, Your Honor. That's what you believe, that Virginia has made it a crime to delete information from a computer. Generally speaking, you do that, you face jail time. If you delete somebody else's property, yes, I believe that's what it says, Your Honor. Well, it doesn't say somebody else's property. It says you can't disable or erase any computer data. Well, I mean, I just – Your Honor, I would respectfully submit that you can delete your own information. Oh, okay, so I'll read that into here, okay.  I understood your brief to be – it doesn't matter. We'll give you a couple of minutes. Thank you, Your Honor. We'll hear from the other side. May it please the Court, Mark Stansel for Applee Microstrategy Services Corporation. If I may, I'd like to just jump right in with Trandis and explain how Trandis makes sense of all of this. All right. Let's set the stage for it because it sounds like we focused a lot on investment as having an extra element. Do you agree that it is an extra element, but I take it you would disagree as to whether it's qualitatively the same? Your Honor, no, there is no extra element of duty of special trust or care and embezzlement. I'd like to just start with the statute, if I may. Sure. The relevant code provision is 18.2111, I believe. And let me just – I think if you'll bear with me, I can just walk you through what it allows. And what it requires here is not that you hold the property pursuant to special duty or fiduciary duty. It requires lawful possession. So it is sufficient, and therefore it is the only necessary element that's relevant here for embezzlement, if you hold property delivered to him by another. So there may be other ways you can get the property. It may be that you can get it as part of your job or when you download something. But if it is delivered to you by another, that is sufficient for embezzlement. That is lawful possession. So, Judge Harris, to your shrink-rack hypothetical, I think of it as almost like the iTunes download. When my daughter goes, she clicks – she always clicks on agree to the terms and conditions, right? And then she downloads all of her songs. If she then sends them unlawfully to her friends, she may have violated her license agreement with Apple. Surely she does. We'll strike that part, I hope, from the transcript. But what she has not done is embezzled intellectual property from iTunes. She does not have a special duty of care or trust. So, Judge Wynne, to your question, entrustment, as that word has been used colloquially in the cases, refers to lawful possession. And it is necessary for embezzlement that you actually hold it lawfully. So if I go and I steal my partner's car, that's larceny. I'm taking it because I don't have lawful possession. But if he loans me the car and I'm just driving it around town and decide to keep it, that could be embezzlement. As the definition you used in coming from the Brown v. Commonwealth case, which essentially says, the Virginia says, that it does intent to deprive the owner thereof of property entrusted to you. Correct, Your Honor, but entrustment means lawful possession. So, for example, in the Stegall case for the Virginia Supreme Court, this is the rental car case where the party had agreed contractually to bring the car back at a certain place and time and failed to do so. The court there said that car had been entrusted to him. But entrusted is used in that sense to mean lawful possession. And let me just illustrate sort of back to the iTunes hypothetical. If delivering something pursuant to contractual relationship is called entrustment, but then that is deemed to be some special duty or relationship, then this preemption provision is largely dead. Because, again, any time you get any property and you say, well, I agree that I won't violate your Copyright Rights in this, and you do then distribute the property or use it inappropriately, that becomes an embezzlement violation. And that's not the case. And to the contrary, this Court has held that the Copyright Act preemption provision is intended to be given broad scope. Tell me about the Trandus case. Yes, Your Honor, because I think that illustrates exactly the opposite point. Trandus was a trade secret misappropriation case. That was held not preempted. And that's a crucial difference. And here it's important to remember there was a trade secret claim in this case. Open Risk had alleged that MicroStrategy didn't hold its trade secrets in confidence as it had agreed to do. Judge Trenga held that that trade secret claim was not preempted. We actually agree with that. That was correct. And he allowed it to go to trial. Open Risk declined. They chose to dismiss that count with prejudice in order to take this appeal. So Trandus makes sense because in a trade secret claim there is a special duty imposed. When you take somebody's trade secrets, I can't post them on the web. I can't even sort of keep them in any manner I choose. I have to keep them in this confidential box. That's the essence of a trade secret claim. So if I have the recipe for Dr. Pepper and I take it pursuant to an agreement to maintain the integrity of that as a trade secret, and then I breach that box, I open that box and I breach that separate duty, not lawful possession, but that separate duty of care or trust. Is the duty of trust in a trade secret case is different than the duty of trust in an embezzlement matter? Yes, Your Honor. And I think this Court's decision in Roschevsky, and I hope I'm saying that right, gets us there because it says, Roschevsky says that the unlawful access or doing something with improper intent is not sufficient to distinguish a claim from copyright infringement. And that's essentially what I think is being argued here, that, well, you had this property and you did something you weren't supposed to with it. That is the very definition of copyright infringement, right? You are not supposed to be taking your iTunes and then giving it to your friends in middle school, but you have. Unlawful access to the property or just the mere violation of the terms under which you take it is not sufficient to avoid preemption, as this Court held in Roschevsky. So the Virginia case also has, and I guess this is the Dane case and the Brown case, but I'm looking at this language, and it says that courts have defined it as given the person the responsibility of something after establishing a confidential relationship. How is that different in terms of entrustment on a separate element than what is required under copyright? A confidential relationship, the giving of it as established. That would be a trade secret claim, Your Honor, right? You must hold my information in this box and protect it, and we have a special duty. You understand that you've undertaken a special duty to keep it in confidence. That might be a trade secret claim. Well, I'm quoting from the Dane versus Hummer case. I'm not sure. Maybe this is a trade secret. I'll check it to see. I'm not sure. I'm talking about investment in that case. Your Honor, I'm not sure it's a trade secret claim, but it's not holding that. But I think that's an investment case. It may be, Your Honor, but it's not holding. that a special duty of care is an element of an investment offense. And I would just go right back to the statute, which would be controlling. 18.2-111, if any person wrongfully and fraudulently used, disposed of, concealed, embezzled any money, property, et cetera, et cetera, et cetera, which he shall have received for another or for his employer, bailer, or by virtue of his office, trust, or employment, or which shall have been entrusted, or, and this is what makes it what's actually necessary, or delivered to him by another or by any corporation or company, he shall be guilty of embezzlement. But isn't open risk required to prove to establish investment that the property was entrusted to another, which in turn requires proving a confidential relationship? No, Your Honor. If I go to, and this gets back to the rental car hypothetical, the shrink wrap, and the iTunes, entrustment, as it's used colloquially in these cases, means the terms under which you took lawful possession. That is all that is sufficient for, that's all that's necessary, pardon me, for an embezzlement claim. So if I am given something pursuant to a contractual agreement, that this is how you're going to get information in exchange for, you know, my monthly payments, the services you'll provide me, then that is, that may be entrustment in the colloquial sense, Your Honor, but it is not a special duty of care or trust. And if it were, copyright preemption would be, respectfully, would be a dead letter. If I could, and I don't want to cut short embezzlement, larceny. Well, you need to stick on embezzlement. Don't you think? Your Honor, that's why I'm here. If you think I do, I'm happy to. No, I mean, that's up to you. I mean, I thought you heard the argument, what was going on here. We can talk about larceny if you want to. Go ahead. Sure, no, well, I'll dance with what brung me, as I say. I don't want to speak for the other judges, but I am. Your Honor, embezzlement, the essence of embezzlement, let's distinguish it from larceny because I think that helps. Because I'm trying to understand. You're telling me that in proving this case, open risk would not have to show there's a confidential relationship. Is that right? That is 100% correct, Your Honor. They do not have to show a confidential relationship to prove embezzlement. They would have to show that you took lawful possession. So pursuant to a commercial relationship, they would have to show that you – If you're taking a lawful possession, not a question of being entrusted to it is enough to establish embezzlement. Absolutely. Delivered to him by another. The element of entrustment is not a part of embezzlement from your perspective. If you're using entrustment as synonymous with duty of care or special duty, yes, Your Honor. Entrustment is not an element of embezzlement. Now, entrustment in the cases is actually referred to to describe lawful possession. And that is the – I think that's part of the confusion that my friend has with these other cases, which talk about this entrusted to him and that entrusted. I've read all of these cases. They don't say that a special duty of care is an element of embezzlement. And it's just flatly inconsistent with the terms of the statute. I would, Your Honor, if I could, I just briefly just touch on two other points. First, on the deletion and alteration claim. I think Judge Tringo was exactly right in holding that there was no causal connection between even the allegation of an improper decision. Are they the same? Pardon me? Are they the same? They were certainly briefed and argued the same in this case. I think there is theoretically room between deletion and alteration. The allegation is that open risk gave the data to MicroStrategy, which in the deletion version didn't maintain it and delete it. And the alteration version gave it to Spectin, the successor company, who then altered it. So I'm not actually even sure an alteration claim would lie on a 12b6. Are you satisfied the allegation has been made sufficiently by the other party of both deletion and alteration? No, Your Honor. I think Judge Tringo was – there's a reason that his opinion, when he ruled on summary judgment, doesn't specifically distinguish between deletion and alteration because I think they were alleged and briefed as two sides of the same coin. But to be more particular about that, the allegation in the complaint is that they gave the data to Spectin, who then altered it. So there couldn't really be – there's no fact alleged in which open risk altered the metadata or what we call the Netezza database dumps, I believe. The only allegation in the complaint is that MicroStrategy took this data from one account and put it in another. So it would fail on that ground as well. But Judge Tringo was quite correct in finding that there's no causal nexus between the deletion claim and any conceivable injury to open risk. And, Judge Harris, I'd like to come back to your point because we argued that very point below. We didn't have space to get into it here, but converting a contract claim into a VCCA claim for deletion would, I think, throw the gates open to just quite the mess. The district court came pretty close to it. I have a real problem here. He didn't reach it because he was dead right that they never even requested their data back. Even if you credit that the contract requires preservation of this data, which we do not, and I'm happy to explain why, the longest one could conceive of a duty to maintain any data is 90 days after notice of termination. And that date came and went without any request for the data back. So he was quite correct in saying, there's no way you can prove that any injury was by reason of a violation of the VCCA. So even if you credit we were supposed to maintain it, which at 30 seconds, I don't think that can possibly be right. First of all, the only requirement under the contract to maintain data is with respect to metadata in the event of a breach. But there's another side. Who owned the metadata? I'm sorry? Who owned? I'd have to check the terms of the contract, Your Honor. Metadata is, I'm a little bit out of my depth here, but it's not the data that they give you. Who owned the data? The actual data that was sent over? That I believe remained the property of open risk. But it doesn't say you have to preserve the data. It says with respect to metadata. In fact, I think the contract pretty clearly presumes you're not going to give your own, you can't really give your only copy of data to the cloud. And, again, I think we'll all see how quickly I'm out of my technical depth here. But it would seem MicroStrategy owned that metadata. I doubt they let open risk take that. I don't want to, especially because there are a lot of contracts that MicroStrategy used, I don't want to get out of my lane and tell you an answer I just don't know the answer to, Your Honor. But at the most, the contract said 90 days after termination. But open risk never made a payment on the contract. So they were in breach immediately. But more than that, on November 1st, open risk says to MicroStrategy, Sorry, the company is defunct. Dead is dead. Second, about I think 10 days later, November 11th, he says, Cease performing all services on behalf of open risk. So I don't think one would read the contract to say, Notwithstanding the nonpayment, notwithstanding dead is dead, Notwithstanding cease all work for us, you still have a duty to preserve it for 90 days. In fact, in the lower court, open risk argued that their basis for why we should have maintained the data was what they called an implied common law duty. They can't find it in the contract because it doesn't exist in the contract. So you would agree with my question to your accountant, Mark, that open risk really is equating the concept of trust with the duty of trust and confidentiality. Yes. And if that's true, the first is embezzlement. The second is not. I didn't follow the second part, Your Honor. They are definitely conflating it with the duty of trust or confidentiality. That would not be embezzlement. It is not embezzlement. You do not need a duty of trust or confidentiality for embezzlement, Your Honor. Yes, that's correct. And they lawfully came into possession. Absolutely. So if I may, Your Honor, just very briefly on Can I just ask you one question just on this no injury from the deletion? So your argument is that, just to make sure I understand it right, you know, at best we're talking about 90 days and there's no showing at all that I know the company says its valuation went down because the data was deleted, but there's nothing to suggest that those 90 days were at all relevant to that dip in valuation. Is that the idea? Well, right. But the simple fact that they never asked for the data back. And I believe that no, there's no evidence in the record, my understanding is no evidence in the record, that they tried to break down when an evaluation change occurred. The tortious interference claim, Your Honor, with respect to the resignation, there's a dispute here as to whether they argued that they properly alleged that we, that MicroStrategy induced the former employees to resign. I would point, Your Honors, to pages 164 to 165 of the joint appendix, where this is the open risk motion to dismiss opposition, where they say, this is the subject header of the heading, it says open risk tortious interference claim relates to post-employment contractual duties, not resignation. So I don't know what else to say except that's not even forfeiture, that's waiver, that's a known relinquishment of a known right. There's confusion then about they think this claim was revived, this part of the claim was revived, because they read Judge Tringa's opinion to have ruled on it in summary judgment, notwithstanding its waiver. I don't think that's accurate. Pages 548 to 550 of the joint appendix are the relevant provisions, or relevant passages of Judge Tringa's opinion. Well, that's the first part, induced the former officers to resign. I agree with you. But what about tortiously interfering with former employees' post-employment obligations? Yes, Your Honor, that's the species of tortious interference they actually presented below. I'll skip over the waiver of the resignation part. And are they right on that? No, Your Honor. Why not? Tortious interference requires active encouragement. It isn't enough to do business with somebody who's breaching some other duty that they have. It requires, the cases are clear, it requires active encouragement. You have to try to induce them to do it. And there's no evidence in the record that microstrategy was trying to induce these people to violate any duties they may have had. Microstrategy, at most, the record would show that microstrategy did business with people who are alleged to have done things, acts in violation of their employment agreement. But that would, again, that would take doing business with a tortfeasor into tortious interference, and that's not the law. I'll just briefly close on conspiracy, Your Honor. The predicates that they actually allege in the complaint are the larceny and embezzlement theories that are preempted, and so the conspiracy claims fail. There's an effort in the brief to resurrect these claims by saying, no, we actually pled deletion, alteration, tortious interference. I've read these pages of the Joint Appendix many times, and it's just not there. And the best evidence I can give you that there was no reasonably fair notice that those are alleged predicates of these claims is that Judge Trenga never saw it either, and the case just wasn't part of this case. Finally, on these conspiracy and tortious interference claims as to supposed nefarious acts by microstrategy employees, point the case to this Court's decision in Shrevensky, which talked about the kinds of inferences that aren't permissible to survive summary judgment. There you had two employees who were admittedly talking about a third employee that they wanted to get kicked off this government contract, if I remember correctly. So they admitted they talked. Then there's a defamatory e-mail sent a few hours later, and then after the e-mail is sent, the e-mail that led to this employee being dismissed, the two employees then spoke about the effect of that e-mail. So you have discussion before, discussion after, and this Court held that is not enough, that you need to actually have real evidence upon which a jury could base an inference of something. Here, so much is made of what we call the full scoop meeting, right? There's an e-mail where setting up a meeting between an open-risk employee and a microstrategy employee to get the full scoop on the situation of the company. Both employees, both sides of that agreement, pardon me, of that conversation were deposed. Both denied having any discussions about improper purposes or trying to hurt open risk or anything improper or even whether these employees were going to resign. There's just nothing. There's just nothing here, and practically that makes sense because I wouldn't go to my vendor from my law firm and tell them about my plans to leave my law firm and start a competitor or anything like that. This was, you know, if there's any inference to draw, it's that a salesman and his customer had lunch. If the Court has any further questions, I'd be happy to address them. Thank you very much. Thank you, Your Honor. Mr. Gleason, you have two minutes if you want to use them. Yes, sir. As to this idea that there's a special relationship requirement that is nowhere stated in Trandis, and that's what my colleague relies on, there's no mention of special relationship. And as to entrustment, Your Honor, there's, as we put in our papers, a judicial gloss on the statute. He's pointing to the statute language as entrustment or delivery. Now, the Supreme Court of Virginia has repeatedly said it requires entrustment. He's calling that colloquially. There's no support for it being colloquially said. What about the rental car case? Because you don't usually think of people who rent cars as having a special fiduciary duty or duty of trust with respect to the rental company, do you? Well, he has to return it, and it says it's entrusted to him. And you think that an agreement to return a rental car is sort of equivalent to a fiduciary duty? Well, the Supreme Court said, Your Honor, that it's entrusted. Or what they meant is that because you lawfully have, I mean, you can do it either way. You lawfully have the car, it was lawfully delivered to you, and in that sense it was entrusted to you. Well, Your Honor, it's not really clear when given all the other cases that we cite, the C.D. Smith, Revell, Webb, all those cases say entrustment is there, is required. I do think the rental car case is kind of hard for you. I disagree, Your Honor. I think that it doesn't really speak that much to it. It says that it was entrusted. It's a fact. That word was said, Your Honor. I don't think in light of all the other cases that it's really like a question, for instance, that it has to be asked, you know, the Supreme Court of Virginia. I think what makes it hard for me is to figure out what the Virginia Supreme Court meant when it said entrusted. I agree it said entrusted, but given that people who rent cars are not fiduciaries of rental car companies, it seems inconsistent with the idea that by entrustment they mean the special duty of care. That's what I'm getting at. I understand. Do you have an answer to that concern? Well, I don't think the Supreme Court was talking in that instance about it said entrustment, Your Honor, but I don't think it had the question before it didn't have the question before it. The only difference on that would be the Supreme Court did say that Bennett reached his, quote, absolute duty, end quote, to return the car at a particular time. That may be some slight differentiation, but I'm not sure it's enough to get you where you want to go. Your time is up. We appreciate you being here today. The court will stand in recess. We'll come down and greet counsel and stand in recess until tomorrow. This honorable court stands adjourned until tomorrow morning. God save the United States and this honorable court.
judges: James A. Wynn Jr., Henry F. Floyd, Pamela A. Harris